UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Petitioner, | CASE NO. MC09-5020JRC |
| v. | ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS PETITION WITHOUT PREJUDICE |
| PAUL W. HIATT, | |
| Respondent. | |

This matter is before the court upon petitioner's motion to dismiss (Doc. 13). After reviewing the record, the court finds and orders the following:

Petitioner's motion to voluntarily dismiss its petition was filed with the court on December 18, 2009. The Petitioner (Doc. 1) seeks judicial approval of levy by the Internal Revenue Service upon a principal residence.

Respondent was subsequently served on November 17, 2009, with a copy of the court's order providing him notice that he was entitled to file written objections to the petition and if written objections were received in a timely manner, the court would hold a hearing to consider the objections on December 22, 2009. Docs. 8 & 9. Respondent filed objections with the court on December 10, 2009.

ORDER - 1

The instant motion to dismiss was filed before the December 22, 2009 hearing. The court cancelled the hearing, and to provide respondent a full and fair opportunity to respond to the motion, the matter was set for consideration on the court's January 22, 2009 motion calendar. Doc. 14.

Respondent filed two pleadings in response to the motion. On January 19, 2010, the court received respondent's brief arguing for dismissal of the matter with prejudice, and on January 22, 2010, the court received respondent's cost bill, seeking an award of costs associated with the defense of the matter.

After reviewing the matter, petitioner's motion to dismiss this matter without prejudice is GRANTED.

Under Rule 41, a petitioner has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992). Unlike a Rule 41(a)(1) dismissal, a Rule 41(a)(2) dismissal requires court approval and is only effective "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the respondent will suffer some plain legal prejudice as a result of the dismissal. See Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir.1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982).

Petitioner explained that respondent's objections included the contention that his wife, Marileen J. McMahon, owns an undivided one-half interest in the residence that would be levied

upon by the Internal Revenue Service.  Petitioner points out that this is not a valid defense to the levy action, but that it would be a cloud on the title.  Petitioner believes that the property may not be marketable due to Ms. McMahon's purported fractional interest in the property.  As such, petitioner intends to dismiss this action and file a separate foreclosure action pursuant to 26 U.S.C. §§7401 and 7403 so that the rights and interests, if any, of Ms. McMahon may be properly adjudicated.

Respondent's objections (Doc. 12) and response to the motion to dismiss, filed on January 19, 2009, are based on a challenge to the court's jurisdiction over this matter.  The court finds no merit to respondent's arguments and allegations.  For instance, respondent argues, citing many different legal arguments, that the Internal Revenue Service has committed a fraud in its processing of its claims and that the U.S. District Court is "an inferior legislative tribunal of 'special jurisdiction' [that] lacks personal jurisdiction in this matter." Doc. 12 at 12.

A review of the petition and affidavit, along with the relevant statutes does not support respondent's contentions.  Moreover, this court has been specifically granted the congressional authority to entertain the underlying petition.  28 U.S.C.§1340; 26 U.S.C. §§ 6334 and 7402(a).  The court finds no prejudice in allowing the matter to be dismissed without prejudice pursuant to Rule 41(a)(2).  In addition, the court notes that dismissal as a matter of right pursuant to Rule 41(a)(1) may be warranted, as respondent's objections could be construed as a motion to dismiss based on a lack of jurisdiction argument.  Although a plaintiff does not have the right to dismiss an action under Fed. R. Civ. P. 41(a)(1) where a respondent  has filed an answer or motion for summary judgment, the petitioner may terminate its action under Fed. R. Civ. P. 41(a)(1) even if the respondent  has filed a motion to dismiss. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995); *citing* Miller v. Reddin, 422 F.2d 1264, 1265 (9th Cir. 1970).

1     The Clerk is directed to send a copy of this order to respondent at his last known address.

2     Dated this 28th day of January 2010.

 

 

 /s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER - 4